```
                    UNITED STATES DISTRICT COURT
                        DISTRICT OF NEW JERSEY
```

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

MICHAEL FITZGERALD
individually and as Trustee
of the Fitzgerald Family
Trust, CAROLYN FITZGERALD,
individually and as Trustee
of the Fitzgerald Family
Trust, ANCORA PSYCHIATRIC
HOSPITAL, and U.S. BANK,

        Defendants.

1:17-cv-10322-NLH-AMD

**OPINION**

**APPEARANCES**:

ERIN FAITH DARDEN
U.S. DEPARTMENT OF JUSTICE
P.O. BOX 227
BEN FRANKLIN STATION
WASHINGTON, DC 20044

    On behalf of Plaintiff

**HILLMAN, District Judge**

    Presently before the Court is the motion of Plaintiff, the United States of America, for default judgment against Defendant Michael J. Fitzgerald. Plaintiff seeks judgment against Fitzgerald for unpaid federal income tax liabilities that encumber his half-interest in his house in Swedesboro, New Jersey through federal tax liens. The Plaintiff seeks to foreclose on those liens. The United States also seeks default judgment

against Defendant Carolyn Fitzgerald, decreeing that she has a half-interest in the property, and against Defendants Ancora Psychiatric Hospital and Michel J. Fitzgerald and Carolyn Fitzgerald, as trustees of the Fitzgerald Family Trust, decreeing that they have no interest in the property.[1]  For the reasons expressed below, the United States' motion will be granted.

### BACKGROUND

The Internal Revenue Service assessed federal income taxes, plus penalties and interest, against Michael J. Fitzgerald for tax years 2004 through 2007.  Despite notice and demand for payment by the IRS, Michael J. Fitzgerald failed to pay the federal income taxes assessed against him.  As of October 31, 2017, Michael J. Fitzgerald owed $656,094.53 in unpaid federal income taxes plus statutory additions to the tax.

On the dates that the federal income tax assessments were made against Michael J. Fitzgerald, tax liens in favor of the

---

[1] Defendant U.S. Bank was also named as defendant pursuant to 26 U.S.C. § 7403(b) because the United States thought it might have an interest in the property.  U.S. Bank failed to answer the complaint, and default was entered against it.  The United States and U.S. Bank have since entered into a consent order agreeing to vacate default.  The United States and U.S. Bank have also agreed that U.S. Bank holds a superior municipal tax lien on the property, and if the United States prevails on its foreclosure count, any sale of the property will be made free and clear of U.S. Bank's lien, with the Order of Sale providing that the proceeds, after payment of expenses, will first be distributed to U.S. Bank.  (Docket No. 14, 15.)

United States arose by operation of law under 26 U.S.C. §§ 6321 and 6322, and attached to all property and rights to property belonging to Michael J. Fitzgerald, including his undivided half-interest in the real property located at 102 Shire Lane in Swedesboro, New Jersey, which Michael J. Fitzgerald and Carolyn Fitzgerald purchased on September 8, 1989.

On February 11, 2014, after the federal tax liens arose and attached to Michael J. Fitzgerald's interest in the property, defendants Michael J. Fitzgerald and Carolyn Fitzgerald transferred ownership of the property to the Fitzgerald Family Trust (the "Family Trust") for one dollar.

The United States filed its complaint on October 31, 2017 to collect Michael J. Fitzgerald's unpaid income tax liabilities and to enforce the corresponding federal tax liens against the property. The United States named all persons and entities it believed to claim an interest in the property it is seeking to sell.

On November 30, 2017, Michael J. Fitzgerald and Carolyn Fitzgerald, individually and as trustees of the Fitzgerald Family Trust, and Ancora were served with the summons and complaint. They failed to appear, plead or otherwise defend. The Clerk of the Court entered default against them on February 15, 2018. The United States filed the instant motion for default judgment on

3

April 20, 2018. None of the defendants has responded.[2]

## DISCUSSION

### A. Subject Matter Jurisdiction

This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. §§ 7402 and 7403.

### B. Default

The first step in obtaining a default judgment is the entry of default. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the Clerk must enter the party's default." Fed. R. Civ. P. 55(a). The Clerk entered default against Defendants on February 15, 2018.

### C. Default Judgment

"Federal Rule of Civil Procedure 55(b)(2) authorizes courts to enter a default judgment against a properly served defendant who fails to a file a timely responsive pleading." Chanel v. Gordashevsky, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (citing Anchorage Assoc. v. Virgin Is. Bd. of Tax Rev., 922 F.2d 168,

---

[2] The United States served its current motion for default judgment on Defendants via first-class mail on April 20, 2018. (Docket No. 16 at 3.) The United States served its previous motion for default judgment, which it withdrew after it entered an agreement with U.S. Bank, see supra note 1, on Defendants on March 29, 2018. (Docket No. 11 at 3.)

4

177 n.9 (3d Cir. 1990)). However, a party seeking default judgment "is not entitled to a default judgment as of a right." Franklin v. Nat'l Maritime Union of America, 1991 U.S. Dist. LEXIS 9819, at *3-4 (D.N.J. 1991) (quoting 10 Wright, Miller & Kane, Federal Practice and Procedure § 2685 (1983)), aff'd, 972 F.2d 1331 (3d Cir. 1992). The decision to enter a default judgment is "left primarily to the discretion of the district court." Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984).

Although every "well-pled allegation" of the complaint, except those relating to damages, are deemed admitted, Comdyne I. Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990), before entering a default judgment the Court must decide whether "the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law," Chanel, 558 F. Supp. 2d at 535. "Three factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000); United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984). If a review of

the complaint demonstrates a valid cause of action, the Court must then determine whether the plaintiff is entitled to default judgment.

**C. Analysis**

    **1. Whether Plaintiff has stated a valid cause of action**

The United States seeks two forms of relief. First, the United States requests that a default judgment be entered against Michael J. Fitzgerald for unpaid federal taxes for the 2004 through 2007 taxable years, as well as interest and penalties.

Tax assessments are entitled to a presumption of correctness. <u>United States v. Fior D'Italia, Inc.</u>, 536 U.S. 238, 242 (2002) ("An 'assessment' amounts to an IRS determination that a taxpayer owes the Federal Government a certain amount of unpaid taxes. It is well established in the tax law that an assessment is entitled to a legal presumption of correctness - a presumption that can help the Government prove its case against a taxpayer in court."). The United States claims in its complaint that Michael J. Fitzgerald owes $656,094.53 in unpaid taxes, which assessment is presumed to be correct. The United States has therefore stated a viable cause of action against Michael J. Fitzgerald for outstanding federal

taxes.

Second, the United States requests an order permitting it to enforce its federal tax liens against the property, which includes the finding that Carolyn Fitzgerald has an undivided half-interest, and defendants Ancora Psychiatric Hospital, and Michel Fitzgerald and Carolyn Fitzgerald, as trustees of the Fitzgerald Family Trust, have no interest in the property, so that the property can be sold free and clear of any interest of the defaulting defendants.

If a taxpayer fails to pay their tax liabilities, a lien in favor of the United States arises on the date the taxes are assessed, and it attaches to all property and rights to property of the taxpayer. 26 U.S.C. §§ 6321 and 6322. The Internal Revenue Code gives the Court authority to order the judicial sale of property in order to satisfy unpaid tax liabilities. United States v. Rodgers, 461 U.S. 677, 680 (1983). An Order of Sale of Property is necessary under 26 U.S.C. § 7402(a) because it ensures the "prompt and certain enforcement of the tax laws in a system relying primarily on self-reporting." Id. at 683.

A "marital home is fair game under federal tax law, [and] it can indeed be disposed of by a forced sale under 26 U.S.C. § 7403(c)." United States v. Cardaci, 856 F.3d 267, 274 (3d Cir.

7

2017). The Supreme Court in Rodgers "directs that courts must order a sale of the property to satisfy a tax lien, unless, in light of common sense or special circumstances, it determines that a sale would be inequitable." Id. (citing Rodgers, 461 U.S. at 711) (noting that New Jersey provides weak protections for marital property held in a tenancy by the entirety, but that when a spouse challenges the forced sale of a marital home, a court is required to consider the legally recognized expectations of the non-liable spouse).

The United States claims in its complaint that a lien against the property arose on the dates that the federal income tax assessments were made against Michael J. Fitzgerald. The United States further claims that after the federal tax liens arose and attached to Michael J. Fitzgerald's interest in the property, on February 11, 2014, Michael J. Fitzgerald and Carolyn Fitzgerald transferred ownership of the property to the Fitzgerald Family Trust, and as a result, to the extent that the Family Trust acquired any interest in the property, it did so subject to the federal tax liens that encumbered Michael Fitzgerald's half interest in that real property.

The United States claims that it named the defendants in addition to Michael J. Fitzgerald because their interest in the

property could be affected by its claims against Michael J. Fitzgerald. Without any assertion by the other defendants that they have an interest in Michael J. Fitzgerald's half-interest in the property, the United States claims that it is permitted to foreclose on the property and sell it free and clear of any interest of the other defendants.[3]

The Court finds that these claims state a viable cause of action for the foreclosure of the property and its sale free and clear of any other interests.

### 2. Whether Plaintiff is entitled to a default judgment

Because it has been determined that Plaintiff has stated viable causes of action for unpaid taxes and the forced sale of the property, it must be determined whether Plaintiff is entitled to a default judgment. As stated above, prior to entering judgment on the counts where a valid cause of action has been established, three factors must be considered: (1) prejudice to the plaintiff if default judgment is not granted; (2) whether the defendant has a meritorious defense; and (3)

---

[3] The United States relates that after the Order for Sale of the property and the payment of the expenses and U.S. Bank's claim, half of the net proceeds from the sale will be applied against Michael J. Fitzgerald's tax liabilities, and the other half of the net sale proceeds will be disbursed to Carolyn Fitzgerald as the non-liable spouse of Michael J. Fitzgerald.

whether the defendant's delay was the result of culpable misconduct.  Chamberlain, 210 F.3d at 164.

### a.     Prejudice to plaintiff

The United States will be prejudiced absent a default judgment because Defendants' failure to respond to the United States' claims leaves it with no other means to collect on Michael J. Fitzgerald's outstanding tax liabilities.

### b.     Existence of meritorious defense

"A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense."  Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 869-70 (3d Cir. 1984); accord $55,518.05 in U.S. Currency, 728 F.2d at 195; Feliciano, 691 F.2d at 657; Farnese v. Bagnasco, 687 F.2d 761, 764 (3d Cir. 1982).  Here, it is axiomatic that the Court cannot consider Defendants' defenses because Defendants have failed to respond to this action.[4]  See United States v. Chandler, 2017 WL 101307, at *3 (D.N.J. 2017) (because defendant

---

[4] Because Carolyn Fitzgerald has failed to appear in the action and assert any defenses to the forced sale of the property, the Court cannot consider whether the forced sale is equitable, or whether she, as "an innocent spouse," "will be adequately compensated by a fair distribution of the proceeds from a forced sale." United States v. Cardaci, 856 F.3d 267, 277 (3d Cir. 2017).

has failed to appear in the action, there was no showing that defendant had a cognizable defense to the United States' claim for deficient taxes); Prudential Ins. Co. of America v. Taylor, No. 08-2108, 2009 WL 536403, at *1 (D.N.J. 2009) ("[B]ecause Ms. Ducker has not answered or otherwise appeared in this action, the Court was unable to ascertain whether she has any litigable defenses.").

### c. Whether Defendants' delay is the result of culpable conduct

Defendants' delay appears to be the result of culpable conduct. "Culpable conduct is dilatory behavior that is willful or in bad faith." Gross v. Stereo Component Sys., Inc., 700 F.2d 120, 123 (3d Cir. 1983). The United States served Defendants with its complaint on November 30, 2017, and Defendants have never appeared. The United States represents that Defendants are not minors, they are not incompetent, and they have not been engaged in military service. Therefore, Defendants' failure to appear in the action can be deemed willful. See, e.g., Chandler, 2017 WL 101307 at *3 ("Defendant's failure to respond permits the Court to draw an inference of culpability on his part.").

## CONCLUSION

Because the Court has found that (1) the United States has asserted viable claims, (2) it will be prejudiced if default judgment is not granted, (3) Defendants do not have a meritorious

defense, and (4) Defendants' failure to appear in this case is the result of their culpable misconduct, the United States' motion for default judgment will be granted.  The appropriate Orders will be entered.


Date:  June 22, 2018           s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.